IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KYANOOSH SHAFAEI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-2066-RP |
| | § | |
| U.S. DEPARTMENT OF STATE, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On December 17, 2025, Plaintiff Kyanoosh Shafaei ("Plaintiff"), proceeding *pro se*, filed his Complaint for Writ of Mandamus and Injunctive Relief, (Dkt. 1), in this case. To date, however, there is no indication that Plaintiff has properly served Defendants with the Complaint and Summons. Though Plaintiff filed a "Proof of Service" on the docket, (Dkt. 3), the Proof of Service states: "I, Kyanoosh Shafaei, declare under penalty of perjury **that I served the Summons and Complaint**." (Proof of Service, Dkt. 3, at 1) (emphasis added). Under Federal Rule of Civil Procedure 4(c)(2), service of the summons and complaint cannot be completed by "a party" to the action. Accordingly, Plaintiff cannot effectuate service himself.

Plaintiff has therefore failed to timely and properly effectuate service within 90 days after his complaint was filed. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

**IT IS ORDERED** that Plaintiff shall show cause in writing on or before **April 30, 2026**, as to why the claims against Defendants should not be dismissed for failure to timely effectuate service. He may make this showing if, on or before **April 30, 2026**, he has a person qualified under Federal

Rule of Civil Procedure 4(c)(2) serve the Complaint and Summons on Defendants. As a party, Plaintiff may not serve these documents himself.

**IT IS FURTHER ORDERED** that failure to take the above action may result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

**SIGNED** on March 31, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE